TITAN NAVIGATION, INC., et al.,

RHC Industries, Inc. (3rd Party Deft.), Intervenor,

v.

TIMSCO, INC. d/b/a Transinternational Marine Services Corporation; et al.

Civ. A. No. H–84–2973.

United States District Court,
S.D. Texas,
Houston Division.

May 9, 1986.

Thomas Dean Hamblin, Law Offices of Dean Hamblin, P.C., Houston, Tex., for intervenor & 3rd party defendant.

Dewey Lane, M.D., Mark K. Glasser, Porter & Clements, T. Michael Neville, Eikenburg & Stiles, Houston, Tex., for Timsco.

W. McNab Miller III, Parks, Tradd, Julder & Miller, Houston, Tex., for Marine Leasing.

## MEMORANDUM AND ORDER[*]

DeANDA, District Judge.

Pending before the Court is Plaintiffs' renewed motion for counter-security. Having considered the record and the law, the Court is of the opinion said motion should be granted for the reasons set forth below.

On December 11, 1985 the Court granted Plaintiffs' original motion for counter-security. On January 2, 1986, however, Defendant Marine Leasing, Inc. obtained an Order from the Court of Appeals staying the Court's December 11, 1985 Order and remanding the case for consideration of new arguments raised by Defendant Marine Leasing, Inc. in the Court of Appeals. Defendant Marine Leasing, Inc. on reconsideration has reurged its original arguments in opposition to counter-security in addition to its arguments raised in the Court of Appeals.

Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, provides in pertinent part:

> *Security on Counterclaim.* Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in such counterclaim, unless the court, for cause shown, shall otherwise direct; and proceedings on the original claim shall be stayed until such security is given, unless the court otherwise directs ...

The Fifth Circuit has held that the test for whether a counterclaim arises "out of the same transaction or occurrence" under Rule E(7) is the same as the test for compulsory counterclaims under F.R.Civ.P. 13(a). *Incas and Monterey Printing and Packaging, Ltd. v. M/V SANG JIN*, 747 F.2d 958, 964–65 (5th Cir.1984), *cert. denied sub nom, Van Weelde Brothers Shipping Ltd. v. I.N.C.A.S.*, 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985).

On July 13, 1984, Plaintiffs Titan Navigation, Inc., Equity Carriers I, Inc., Asso-Falcon II and Equity Carriers II, Inc. filed suit against Timsco, Inc. and Marine Leasing, Inc. alleging fraud, breach of warranty, and breach of contract claims arising out of contracts to provide computer hardware

[*] As corrected pursuant to the Court's Order of June 25, 1986.

and software to Plaintiffs. Plaintiffs further allege that Defendants are joint ventures and/or alter-egos of each other. Finally, Plaintiffs allege jurisdiction based on federal question, 28 U.S.C. § 1331, and diversity 28 U.S.C. § 1332. Defendants Timsco, Inc. and Marine Leasing, Inc., invoking the Court's admiralty jurisdiction in addition to its diversity jurisdiction, assert counterclaims against Plaintiffs' *in personam* and against five of Plaintiffs' vessels *in rem* for breach of contract and indemnity. Subsequently, on motion of Defendant Marine Leasing, Inc., Plaintiffs' vessels, the M/V STAR OF TEXAS and M/V PRIDE OF TEXAS, were arrested in the Southern District of Texas.[1] In response to the seizure of its vessels, Plaintiffs moved for counter-security pursuant to Rule E(7). On December 11, 1985, the Court Ordered Defendant Marine Leasing, Inc. to post counter-security or suffer dismissal of its *in rem* actions against the vessels.[2]

Defendant Marine Leasing, Inc.'s renewed opposition to posting of counter-security reurges its original opposition and its new arguments raised in the Court of Appeals. Defendant Marine Leasing, Inc. asserts that Plaintiffs are not entitled to counter-security because Plaintiffs' claims do not arise out of the same "transaction or occurrence" within the meaning of Rule E(7); Rule E(7) only provides for counter-security for claims brought in admiralty; Plaintiffs' claims are frivolous; and Defendant Marine Leasing, Inc. is unable to post counter-security. Finally, if counter-security is ordered, Defendant Marine Leasing, Inc. asserts its claims should only be stayed until security is posted, not dismissed. Defendant Marine Leasing, Inc. also asserts that the Court has not allowed it sufficient time to prepare and present its opposition to Plaintiffs' motion for counter-security, and thus has been denied due process of law.

■ First, Plaintiffs' claims clearly arise out of the "same transaction or occurrence" within the meaning of Rule E(7). As previously stated, the scope of Rule E(7) is concurrent with the scope of F.R. Civ.P. 13(a). *Incas*, 747 F.2d at 964–65. Plaintiffs' claims are based in part on the same contracts as Defendant Marine Leasing, Inc.'s claims. Moreover, Plaintiffs' claims of fraud are based on the course of the negotiations that resulted in the contracts with Defendant Marine Leasing, Inc., and Plaintiffs' allegations of fraud may be a defense to Defendant Marine Leasing, Inc.'s claims. Finally, Plaintiffs' allegations that Defendant Marine Leasing, Inc. and Timsco are joint venturers and/or alter egos of each other are largely based on the course of these same contract negotiations. Therefore, there are overlapping fact issues between Plaintiffs' and Defendant Marine Leasing, Inc.'s claims. Overlapping evidence will be presented on Plaintiffs' and Defendant Marine Leasing, Inc.'s claims, and there is a logical relationship between the claims. Thus, Plaintiffs' claims would be compulsory counterclaims to Defendant Marine Leasing, Inc.'s claims, *Plant v. Blazer Financial Services*, 598 F.2d 1357, 1360–61 (5th Cir.1979), and hence "arise out of the same transaction or occurrence" within the meaning of Rule E(7). *Incas*, 747 F.2d at 964–65.

■ Second, Defendant Marine Leasing, Inc. asserts that Rule E(7) only provides for counter-security for claims brought under the Court's admiralty jurisdiction. Defendant Marine Leasing, Inc., however, is unable to cite any authority for this proposition, and the Court has found none. Furthermore, the terms of Rule E(7) do not limit its application to maritime claims. Moreover, the Fifth Circuit's decision in *Incas* clearly implies that the application of Rule E(7) is co-extensive with that of F.R. Civ.P. 13(a). *Incas*, 747 F.2d at 964–65. A non-maritime claim can be a compulsory counterclaim to a maritime claim. *See*

---

1. Bonds have been posted for the vessels' release. One other vessel was arrested in the Eastern District of Louisiana.

2. Defendant Marine Leasing, Inc.'s *in personam* action against the vessel owners and operators would not have been disposed of by this Order.

*Leather's Best, Inc. v. S.S. Marmaclynx,* 451 F.2d 800, 810–11 & n. 11 (2nd Cir.1971). The Court thus finds that Rule E(7) is not limited to maritime claims.

Third, Defendant Marine Leasing, Inc. has asserted that Plaintiffs should be denied counter-security as their claims are frivolous. The Court would note, however, that this lawsuit has been pending since July, 1984, and Defendant Marine Leasing, Inc. has not moved for summary judgment. If Plaintiffs' claims are frivolous, it certainly appears that Defendant Marine Leasing, Inc. has been delinquent in waiting over one year to make such an assertion and then only doing so in the context of its opposition to counter-security. Having reviewed the evidence submitted, the Court cannot conclude on the basis of the record as it currently stands that Plaintiffs' claims are frivolous.

■ Fourth, Defendant Marine Leasing, Inc. asserts that it should not be required to post counter-security because it is unable to do so. The Court has discretion not to require posting of counter-security where a party is financially unable to do so. *See, e.g., Vic Franck's Boat Co. v. Yacht Sunchaser III,* 508 F.Supp. 609 (W.D. Wash.1981). Defendant Marine Leasing, Inc., however, has not shown that the Court should exercise its discretion in this respect. The Court would first note that the Plaintiffs are joined in the suit *in personam* as well as *in rem.* Plaintiffs have presented evidence that if a judgment is rendered against them, it could be satisfied without resort to sale of the vessels. Furthermore, the Court has never implied that its rulings on the counter-security issue would dispose of Defendant Marine Leasing, Inc.'s *in personam* action. Thus, requiring Defendant Marine Leasing, Inc. to post counter-security would not foreclose it from pursuing its claims, nor from ultimately collecting a judgment. Under these circumstances, it is blatantly unfair to allow Defendant Marine Leasing, Inc. to hold Plaintiffs' vessels under bond without being required to give a *quid pro quo,* as provided by Rule E(7).

■ Defendant Marine Leasing, Inc. also contends that the Court has not permitted it enough time to litigate the counter-security issue. The Court would note that Plaintiffs' motion for security was originally filed on September 9, 1985. Furthermore, this matter has already been ruled on once and the case was remanded by the Court of Appeals for consideration of new arguments raised by Defendant Marine Leasing, Inc. on appeal. Rarely, is a litigant given an opportunity to relitigate an issue after it has already been adjudicated based on new arguments that should have been raised on original submission. The Court would also note that the parties were given the opportunity to set a schedule on this issue, and the Court only set a schedule after the parties failed to do so. *See* Orders of January 23, 1986 and February 20, 1986. The Court finds that Defendant Marine Leasing, Inc.'s due process contention is utterly without merit.

■ Finally, Defendant Marine Leasing, Inc. argues that its claims should not be dismissed for failure to post counter-security, but only stayed. Rule E(7) states that when a party is Ordered to post counter-security, proceedings on that party's claims should be stayed until counter-security is given. Yet, Rule E(7) cannot contemplate that the case will be indefinitely stayed and the opposing party's vessel indefinitely remain under seizure, when a party has been ordered to post counter-security and is unable to do so within a reasonable period of time. Discovery in this case is to terminate on August 31, 1986, and, if counter-security is not posted by that time, Defendant Marine Leasing, Inc.'s claims shall be dismissed upon Plaintiffs' motion.

The Court thus ORDERS that Defendant Marine Leasing, Inc. post counter-security in the same amount and form as Plaintiffs' ship release bonds for each vessel seized in this district by August 31, 1986. Defendant Marine Leasing, Inc.'s *in rem* claims are STAYED until counter-security is posted. It is further

ORDERED that if counter-security is not posted by August 31, 1986, Plaintiffs may move for dismissal of Defendant Marine Leasing, Inc.'s *in rem* claims.

The Court, however, is bound by the stay order entered by the Court of Appeals. The Court thus

ORDERS that the above Orders are STAYED pending further action by the Court of Appeals.